IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

CARLA MERCADO,

    Plaintiff,

v.

LYNNHAVEN LINCOLN-MERCURY, INC.,
a/k/a "Lynnhaven Lincoln-Mercury Kia,"
"Southern Lincoln Lynnhaven," "Southern Kia Lynnhaven,"
"Lynnhaven Suzuki," "Lynnhaven Kia," and
"Southern Hospitality Automotive Group",

    Defendant.

Civil Action No. 2:11cv145

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Carla Mercado ("Ms. Mercado"), by counsel, and moves this Court for entry of judgment in her favor and against the defendant, Lynnhaven Lincoln-Mercury, Inc. ("Lincoln-Mercury"), and in support of this complaint alleges as follows:

### Nature of Action

1. This is an action at law arising out of discrimination on the basis of hostile work environment sexual harassment, quid pro quo discrimination, and retaliation in the course of employment of plaintiff Ms. Mercado by Lincoln-Mercury and certain common law claims.

2. This action states federal claims against Lincoln-Mercury for discrimination on the basis of hostile work environment sexual harassment, quid pro quo discrimination, and retaliation, all under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## Parties

3.  Ms. Mercado is a female and a resident and citizen of the City of Virginia Beach, Virginia.

4.  Ms. Mercado was an employee of Lincoln-Mercury within the meaning of 42 U.S.C. § 2000e(f) from May 2005 until March 7, 2009, as a "Sales Consultant." The General Manager of Lincoln-Mercury was Juan Lewis.

5.  Lincoln-Mercury is an employer within the meaning of U.S.C. § 2000e(b).

6.  Lincoln-Mercury is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of the twenty-one or more calendar weeks in the current or preceding year, and during all times alleged herein, within the meaning of 42 U.S.C.§ 2000e(b).

7.  Lincoln-Mercury had, on information and belief, more than 500 employees in each of 20 or more calendar weeks since January 1, 2007 within the meaning of 42 U.S.C.§ 1981a(b)3(D).

## Jurisdiction and Venue

8.  This Court has jurisdiction over Ms. Mercado's claims under Title VII of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. § 2000e-5(f)(3).

9.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 over Ms. Mercado's claims of sex discrimination in violation of Ms. Mercado's equal protection rights under the Fourteenth Amendment and her common law claims. This Court has supplemental jurisdiction over Plaintiff's common law claims in Counts IV-VII by virtue of the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

10. Lincoln-Mercury is presently, and regularly, conducts affairs and business activities throughout eastern Virginia and did so at all times alleged herein.

11. The causes of action arose from the defendant's acts and omissions in Virginia.

12. Unlawful employment practices committed by the defendant occurred in this judicial district. The defendant does business in this judicial district and the plaintiff lives in this judicial district.

13. Venue over the claims of Ms. Mercado under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## Facts

14. From September 2, 2008 through March 8, 2009, the defendant's General Manager, Juan Lewis, acting within the scope of his employment, subjected the plaintiff to a hostile work environment in the form of unwanted comments and touching. All acts and omissions of said General Manager alleged herein were committed within the scope of his employment by the defendant.

15. On numerous occasions the General Manager asked Ms. Mercado for sexual favors, touched her in sexual ways, and humiliated her with gratuitous talk of sexual matters.

16. The General Manager, Juan Lewis, routinely made derogatory sexual remarks to and about the plaintiff, as well as about other female employees in the plaintiff's presence, throughout plaintiff's employment, and while the plaintiff was working under Juan Lewis, her supervisor, and while both the plaintiffs and Juan Lewis were at the defendant's place of business. By way of examples, on one occasion in the Kia building conference room, during the sales meeting attended by sales personnel, the general manager, Juan Lewis, asked one of the

female sales associates, "Are you Puerto Rican? If not, do you want some in you?" On another occasion in late 2008 in the Lincoln Mercury building, when the plaintiff was presenting a used car deal to one of the managers, Juan Lewis directed the plaintiff to "come sit on my lap." On numerous other occasions in the Lincoln Mercury showroom Juan Lewis directed the plaintiff to provide oral sex or told her to get under his desk. Juan Lewis responded to the plaintiff's request to him for a promotion by saying, "You know what you have to do ... get under my desk." This occurred in the Lincoln Mercury showroom. On another occasion in the Lincoln Mercury building Juan Lewis told the plaintiff that in order to be promoted to the Lincoln Mercury finance office she would have to provide him with oral sex, and he spread his legs and pointed at his groin area. Juan Lewis also told her to "get on her knees" to provide oral sex, and once spread his knees and told her "you know what you have to do" to obtain a promotion. He also asked her what kind of underwear she was wearing while she was working under his supervision in the showroom, and then directed her to "get down on your knees." Juan Lewis also grabbed the plaintiff once and forcibly kissed her, while the plaintiff, acting under Juan Lewis' supervision, and was carrying paperwork through the Kia showroom to the finance office, after having sold a car, and immediately after having reported to him, "I just sold a car." At this time Juan Lewis had a sore on his mouth, and the plaintiff immediately fled to the bathroom to wash her mouth. Juan Lewis grabbed the plaintiff on the buttocks numerous times in both the Kia and the Lincoln Mercury showrooms while in the performance of his duties as general manager of the dealership and while the plaintiff was working under his supervision. All of Juan Lewis' sexual advances, except one, occurred in the work place, during work hours, while the plaintiff was doing her job, and while Juan Lewis was supervising the plaintiff's performance of her job. All advances were

unwelcome. All of Juan Lewis' inappropriate sexual talk and actions occurred at Lincoln-Mercury, during work hours, while Juan Lewis and plaintiff were working, and while Juan Lewis was supervising the plaintiff. The constant sexual comments and actions by Juan Lewis were an integral part of Juan Lewis' custom, business practice, and course of dealing with certain women at Lincoln-Mercury, while fulfilling his role as General Manager at the dealership. Juan Lewis' sexual touching of the plaintiff occurred at the front desk in the Lincoln-Mercury showroom and in the Used Car Manager's office.

17. The plaintiff resisted all sexual advances, verbal and physical, and when it became clear that plaintiff was not going to provide the General Manager with the sexual services he desired and demanded, he and others at Lincoln-Mercury commenced a campaign of retaliatory action whereby the plaintiff's Sunday hours were increased, disproportionately in comparison to other employees, her "deals" were rejected and diverted to other sales personnel, resulting in a significant decline in her commission sales, and she was shunned by certain colleagues at the dealership.

18. Plaintiff ultimately was terminated without notice on March 8, 2009 in retaliation for her refusal to provide sexual services to Mr. Lewis and her complaints about his sexual harassment.

19. On September 18, 2009, Ms. Mercado timely filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination against her by Lincoln-Mercury on the basis of sexual harassment and retaliation. **Exhibit 1.**

20. More than 180 days have elapsed since the filing of Plaintiff's Charge of

Discrimination. The EEOC has issued a Right to Sue Letter. **Exhibit 2**.

## COUNT I
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

21. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

22. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex".

23. Ms. Mercado is a member of a protected group, that is, women.

24. The defendant, Lincoln-Mercury, by and through its employee Juan Lewis, Lincoln-Mercury's General Manager, violated Ms. Mercado's rights under Title VII (42 U.S.C. § 2000e, et seq.) by engaging in actions and/or activities constituting hostile work environment sexual harassment against Ms. Mercado, as alleged above.

25. These violations by defendant, Lincoln-Mercury, were based upon Ms. Mercado's sex, and affected the terms, conditions, and/or privileges of Ms. Mercado's employment.

26. As a direct and proximate result of the unlawful conduct of defendant, Lincoln-Mercury, Ms. Mercado has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and

inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

27. In addition, Ms. Mercado has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT II
## QUID PRO QUO DISCRIMINATION

28. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

29. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex".

30. The defendant, Lincoln-Mercury, by and through its employee, Juan Lewis, Lincoln-Mercury's General Manger, violated Ms. Mercado's rights under Title VII by engaging in actions and/or activities *constituting quid pro quo* sexual harassment.

31. Ms. Mercado has suffered tangible employment actions, resulting from her rejection of the General Manger's sexual harassment. These tangible employment actions consisted of the conduct outlined above, including suffering a substantial loss of income.

32. These violations affected the terms, conditions, and/or privileges of Ms. Mercado's employment, in violation of 42 U.S.C. § 2000e, *et seq.*

33. As a direct and proximate result of the unlawful conduct of defendant, Lincoln-Mercury, Ms. Mercado has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury, in amounts to be determined at trial.

34. In addition, Ms. Mercado has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT III
## RETALIATION

35. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

36. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

37. Defendant, Lincoln-Mercury, by and through its employees, agents, and officers, including supervisory employees intentionally, willfully, and wantonly retaliated against Ms. Mercado because of Ms. Mercado's complaints of the unlawful hostile work environment sexual harassment and/or quid pro quo discrimination, in that, after complaining of sexual harassment in violation of Title VII, Ms. Mercado was subjected to unfair and arbitrary treatment, harassment, and interference with the terms, conditions and/or privileges of her employment subsequent to

Ms. Mercado formally complaining of the discriminatory and unlawful treatment of her by Lincoln-Mercury, all as alleged above.

38. The actions and/or activities of defendant, Lincoln-Mercury, constitute retaliation for Ms. Mercado's complaints of hostile work environment sexual harassment and/or quid pro quo discrimination, and are in violation of Title VII of the 1964 Civil Rights Act.

39. As a direct and proximate result of the unlawful retaliation by defendant, Lincoln-Mercury, Ms. Mercado has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

40. In addition, Ms. Mercado has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

42. The General Manager, by his conduct described herein, intended to cause Ms. Mercado severe emotional distress.

43. The General Manager intended his specific conduct and knew, or should have known, that his conduct would likely result in severe emotional distress.

44. The General Manager's conduct was outrageous and intolerable in that it offended

generally accepted standards of decency and morality. It was outrageous because an employee should not be compelled to provide sexual services, or be the object of sexual advances, to or by her manager or supervisor as a condition of employment.

45. As a direct result of the sexual advances by the general manager which is described herein, the plaintiff was frequently reduced to tears, lost sleep, trembled, had headaches, had difficulty concentrating, lost her appetite, and was nervous and distraught. She went to the doctor at least twice because of the stress caused by Lewis' sexual advances, and she was prescribed medicine for that stress. In an effort to reduce the stress level the plaintiff attempted to avoid Juan Lewis, attempted to avoid talking to him, and resisted his every approach. As a direct and proximate result of the General Manager's conduct described herein, Ms. Mercado has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, embarrassment, and indignity to her feelings, all in an amount to be determined at the trial of this matter.

## COUNT V
## BATTERY

46. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

47. The General Manager did restrain Ms. Mercado against her will when he grabbed her buttocks and when he kissed her.

48. The General Manager caused Ms. Mercado to be wrongfully and painfully touched.

49. The General Manager caused Ms. Mercado to be restrained against her will.

50. The General Manager acts were intended to restrain Ms. Mercado and such touching was both harmful and offensive to Ms. Mercado.

51. The General Manager's acts were both the actual cause and the proximate cause of Ms. Mercado's injury and damages.

## COUNT VI
## ASSAULT

52. Ms. Mercado restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

53. The General Manager restrained Ms. Mercado against her will and purposely, knowingly, recklessly, and wrongfully touched and manhandled Ms. Mercado by grabbing her body and by approaching her in a manner calculated to cause reasonable apprehension of bodily harm.

54. The General Manager caused Ms. Mercado to be kissed against her will.

55. The General Manager's acts were intended to restrain and harm Ms. Mercado and such touching and threatening behavior was both harmful and offensive to Ms. Mercado.

56. The General Manager's acts were both the actual and proximate cause of Ms. Mercado's injury and damages.

57. The conduct of the General Manager caused Ms. Mercado to be in reasonable apprehension of offensive conduct and thereby constituted an assault.

## COUNT VII
## WRONGFUL DISCHARGE AND
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

58. Ms. Mercado restates and realleges the allegations appearing elsewhere in the

Complaint as though fully stated herein.

59.     Plaintiff was employed from approximately May 2005 through March 8, 2009 by Lincoln-Mercury as a "Sales Consultant" or car sales woman.  One implied term of plaintiff's contract of employment with Lincoln-Mercury was that she would not be asked or required to violate Virginia public policy as expressed in Virginia Code § 18.2-344 and Virginia Code § 18.2-345, criminalizing fornication and lewd and lascivious conduct.  Another implied term of her employment was that she would not be assaulted, battered, or molested by members of management in the workplace.  Another implied term of her contract was that she would not be discharged from her employment in violation of the public policy of the Commonwealth of Virginia, nor otherwise wrongfully discharged.  Another implied term of her contract was, although an employee at-will, that she would not be terminated without reasonable notice.

60.     At all times alleged herein, the plaintiff performed her duties as an employee in a reasonable manner, loyal, dedicated and satisfactory.

61.     Submission by the plaintiff to the unwelcome sexual advances, request for sexual favors, and other verbal and physical conduct of a sexual nature by the General Manager, was explicitly or implicitly demanded by the General Manager as a condition of the plaintiff's continued employment with Lincoln-Mercury.

62.     The plaintiff's discharge by her employer was wrongful, because it also was in violation of the public policy of the Commonwealth of Virginia, in that the plaintiff was discharged because she refused to commit the crimes, in violation of Virginia's public policy as expressed in its criminal statutes, criminalizing fornication and lewd and lascivious conduct (Virginia Code §§ 18.2-344 and 18.2-345).  The discharge was also wrongful in that it was

effected with no notice whatever.

63. Said wrongful discharge and discharge in violation of public policy caused damage to the plaintiff.

## Prayer for Relief

WHEREFORE, plaintiff, Carla Mercado, prays that this Court enter judgment in her favor and against the defendant on the above counts, and further:

A. Award on Counts One, Two, and Three judgment in favor of Ms. Mercado, and against the defendant, Lincoln-Mercury, for all relief available under Title VII of the Civil Rights Act of 1964, as amended, including but not limited to back pay, plus compensatory general damages, and front pay in the amount of Three Hundred Thousand and No/100 Dollars ($300,000), and her attorney fees and costs in this action, including expert fees, pursuant to 42 U.S.C. § 2000e-5(k) together with interest from March 4, 2011; and

B. On her common law counts (Counts IV, V, VI, and VII) for intentional infliction of emotional distress, assault, battery and wrongful discharge, plaintiff prays for an award of Five Million Dollars ($5,000,000) in compensatory damages, together with interest from March 4, 2011.

## JURY DEMAND

Trail by jury is demanded.

                                            Respectfully submitted,
                                            CARLA MERCADO

                                            By:  /s/ Jeremiah A. Denton, III
                                                     Of Counsel

Jeremiah A. Denton III, Esq.
VSB #19191
Vivile R. Dietrich, Esq.
VSB #72893
*Attorneys for Plaintiff, Carla Mercado*
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
Tel. 757/340-3232
Fax. 757/340-4505
jerry@jeremiahdenton.com
viv@jeremiahdenton.com
doctvm

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June 2011, the foregoing Plaintiff's First Amended Complaint was filed electronically with the Clerk of the Court using this CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian G. Muse (VSB #47218)
LeClairRyan, A Professional Corporation
5388 Discovery Park Boulevard, Third Floor
Williamsburg, VA 23188
(757) 941-2802
(757) 941-2879 (facsimile)
E-mail: brian.muse@leclairryan.com

Susan Childers North (VSB #43068)
LeClairRayn, A Professional Corporation
5388 Discovery Park Boulevard, Third Floor
Williamsburg, VA 23188
(757) 941-2801
(757) 941-2879 (facsimile)
E-mail: susan.north@leclairryan.com
*Attorneys for Lynnhaven Lincoln Mercury Kia*

/s/ Jeremiah A. Denton, III
Jeremiah A. Denton