IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

DEC 13 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CARLA MERCADO,

**Plaintiff,**

v.                                           CIVIL ACTION NO. 2:11cv145

LYNNHAVEN LINCOLN-MERCURY, INC.,

**Defendant.**

## *ORDER*

On October 31, 2011, Plaintiff Carla Mercado, by and through her counsel, Mr. Jeremiah Denton, III, filed a Motion for Sanctions against Defendant Lynnhaven Lincoln-Mercury, Inc., and moved the Court to impose sanctions on Defendant's counsel, Ms. Susan Childers North, and the law firm of LeClair Ryan, P.C. On December 7, 2011, the Court held a hearing on Plaintiff's motion. For the reasons set forth below, Plaintiff's Motion for Sanctions is **GRANTED.**

Plaintiff brought the instant case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, alleging causes of action for sexual harassment and retaliation. On August 22, 2011, Defendant filed a Motion for Summary Judgment.[1] In its motion, Defendant labeled 55 separate paragraphs as "Statements of Undisputed Material Facts."

---

[1] The Court denied Defendant's motion in a Memorandum Opinion and Order dated October 21, 2011.

Plaintiff has filed the instant motion arguing that six of those statements clearly were genuinely disputed. Plaintiff argues that Attorney North knew that these facts were disputed when she filed her motion. The Plaintiff contends that Attorney North's decision to characterize these statements as undisputed in light of the evidence to the contrary was unwarranted and improper. *See* Pl.'s Br. Supp. Mot. Sanct. 2. If Plaintiff had not responded to each and every statement which was actually disputed, then by her silence the Plaintiff would have admitted each of those statements. "In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Local Civ. R. 56(B).

As a result, Plaintiff logged several billable hours to provide the Court with evidence that, in good faith, the Plaintiff believed would be admissible to rebut each of Defendant's "undisputed" statements. The Plaintiff asks the Court to impose sanctions because "defense counsel has made completely unsupportable representations that certain facts were 'undisputed' when they were very much disputed, thereby jeopardizing Plaintiff's claims and causing counsel and the Court unnecessary work . . . . " Pl.'s Br. Supp. 2.

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part, that:

> . . . (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If the Court finds that counsel has violated any of the abovementioned provisions of Rule 11, the Court may impose sanctions as it deems appropriate: "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b).

Attorney North claims that Plaintiff's Motion for Sanctions is frivolous and lacks merit. *See* Def.'s Opp. Pl.'s Mot. Sanct. 13. She asserts that she supported each of her "undisputed facts" with citations to the record and argues that the Plaintiff cannot provide the Court with sufficient evidence to suggest that she engaged in any improper, bad-faith practices in submitting the motion for summary judgment. *Id.*

At the heart of this motion is Attorney North's seemingly fundamental misunderstanding of the rules governing summary judgment in this Court – Federal Rule of Civil Procedure 56 and Local Civil Rule 56(B). Attorney North argued to the Court that the alleged statements were undisputed because the Plaintiff did not have sufficient corroboration of her own testimony. However, the Court finds that Attorney North formulated a requirement associated with filing a motion for summary judgment which neither the Federal Rules of Civil Procedure nor the Local

Civil rules mandate.[2] There is no requisite level of corroboration necessary to render a fact disputed. Whether Attorney North listed those six statements in the undisputed facts section of her motion for some improper purpose or because she actually believed those facts to be undisputed is immaterial. The record is so clear as to the existence of material disputes with each of these statements that the Court finds Attorney North's conduct to be egregious and in violation of Rule 11. Concisely stated, she made factual misrepresentations to the Court that the Court simply cannot overlook.

Many of the issues Ms. North alleges were undisputed comprise the essence of Plaintiff's claims. By way of example, "Undisputed Material Fact No. 30," states that "Juan Lewis never sexually harassed Mercado, or any other employee at Lynnhaven . . . ." *See* Mem. Supp. Def.'s Mot. Summ. J. 6. That is precisely the opposite of what Plaintiff contends. At the time Defendant filed this undisputed fact, Defendant knew that the Plaintiff herself testified she was sexually harassed. Defendant knew that, in her deposition, Mercado recounted countless instances of Lewis touching her inappropriately and making inappropriate sexual remarks to her. *See generally* Pl.'s Br. Supp., Ex. 1, Dep. Carla Mercado. In addition to the Plaintiff's testimony, other witnesses testified that they saw similar incidents to those described in Mercado's deposition. *See* Pl.'s Br. Supp. 4. Notwithstanding numerous facts to the contrary, counsel for the Defendant still claimed that this fact was undisputed.

In six separate instances, counsel for the Defendant knew there was evidence directly contradicting her assertions, and she nevertheless represented to the Court that these were

---

[2] In a related motion for summary judgment in a Title VII case against the same Defendant, the Court was advised that Attorney North again listed as undisputed, facts which are disputed in the same manner as in this case.

4

undisputed facts. Despite her contention that she had evidence to suggest that these facts were undisputed, Ms. North behaved recklessly in submitting her pleadings to this Court. As a seasoned lawyer with almost fifteen years experience, Ms. North is more than capable of acting within the confines of the rules regarding summary judgment motions. Therefore, the Court finds that in the face of such substantial evidence to the contrary, Ms. North decided to list facts as undisputed which are so plainly disputed as to lead the Court to only one conclusion – Rule 11 sanctions must be imposed.

Accordingly, Plaintiff's Motion for Sanctions is **GRANTED.** Counsel for the Defendant, Ms. Susan Childers North and the law firm of LeClair Ryan, P.C., are hereby found in violation of Rule 11 and are **ORDERED** to pay the reasonable costs to Plaintiff's counsel for responding to the misrepresentations in Defendant's Motion for Summary Judgment and for the reasonable costs associated with filing this Motion for Sanctions in the total amount of $6,500.[3]

The Court **DIRECTS** the Clerk to send a copy of this order to the parties.

IT IS SO **ORDERED.**

Norfolk, Virginia
December /3, 2011

/s/
Raymond A. Jackson
United States District Judge

---

[3] Pursuant to the Court's directive, Plaintiff's counsel submitted a statement of costs in the amount of $12,835.00. After scrutinizing counsel's submission, the Court finds his proposed costs to be excessive.

5